Dear Mr. Smith:
You have requested an opinion from our office as to whether or not Southeastern has the right to continue to restrict union membership and representation for employees in areas dealing with confidential and sensitive information, employees in supervisory or managerial positions, or probational employees or those hired on a temporary basis.
The Louisiana State Labor Code is found in LSA-R.S. 23:821-890. LSA-R.S. 23:822 declares the public policy of Louisiana specifically to be that of permitting and encouraging employees to organize and to negotiate the terms and conditions of their employment free from interference, restraint, and coercion and to designate in a similar manner, representatives for the purpose of collective bargaining. This statute, by its terms, does not differentiate between employees engaged in public as opposed to private employment.
In addition, LSA-R.S. 42:457 recognizes and permits the right of any "state, parish, or city employee" to authorize the employing "department, board, or agency" to withhold union dues from his salary and to remit these funds to the appropriate union.
Based on this statute and Louisiana jurisprudence, this office has previously recognized the right of public employees to belong to labor unions or organizations in connection with their employment. (Attorney General Opinion Number 74-413). Since collective bargaining with employers is the primary purpose of any such organization, it therefore follows that such collective bargaining of public employees with their employers is also authorized. Id. Thus, Southeastern University has the right to enter into collective bargaining agreements with its employee unions.
Therefore, the issue presented is whether a public institution can restrict membership or representation in employee unions by way of a collective bargaining agreement. Although collective bargaining between public employers and employee unions is authorized in Louisiana, it is subject to the limitation that any agreement between the employer and employee cannot violate any specific statutory or constitutional provision. (See Attorney General Opinion Number 74-413). There is no express statutory exclusion in Louisiana allowing public institutions the right to restrict union membership and representation for employees in areas dealing with confidential and sensitive information, employees in supervisory or managerial positions or probational employees or those hired on a temporary basis. Therefore, Southeastern University, in its contract negotiations with ASCME, must comply with the language of LSA-R.S. 23:822
which applies to both public and private employers and employees.
LSA-R.S. 23:822 specifically states:
 "In the interpretation and application of this Chapter, the public policy of this state is declared as follows:
 Negotiation of terms and conditions of labor should result from voluntary agreement between employer and employee. Governmental authority has permitted and encouraged employers to organize in the corporate and other forms of capital control. In dealing with such employers the individual unorganized worker is helpless to exercise actual liberty of contract and to protect his freedom of labor, and thereby to obtain acceptable terms and conditions of employment. Therefore it is necessary that the individual workman have full freedom of association, self-organization, and designation of representatives of his own choosing, to negotiate the terms and conditions of his employment, and that he shall be free from the interference, restraint, or coercion of employers of labor, or their agents, in the designation of such representatives or in self-organization or in other concerted activities for the purpose of collective bargaining or other mutual aid or protection. (Underlining our own emphasis).
This statute forbids employers from "interfering" or "restraining" employees with regard to their membership or representation in labor organizations.
LSA-R.S. 23:823 provides in pertinent part:
 "Every undertaking or promise made, whether written or oral, express or implied, constituting or contained in any arrangement or proposed arrangement of hiring or employment, whether for a definite term or terminable at the will of either of the parties thereto, whereby:
 (2) Either party thereto undertakes or promises not to join or not to remain a member of some specific labor organization or any labor organization or organizations, or of some specific employer organization or any employer organization or organizations; or
 . . . is declared to be contrary to public policy and shall not afford any basis for the granting of legal or equitable relief by any court against a party to such undertaking or promise, or against any other person who may advise, urge, or induce, without fraud, violence, or threat thereof, either party thereto to act in disregard of such undertaking or promise."
LSA-R.S. 23:824 provides a criminal penalty for the coercion of employees regarding membership in labor organizations. It states:
 "Any individual, or any officer, agent or employee of any firm, association, or corporation who coerces, requires, demands or influences any person to enter into any agreement, either written, verbal, or implied, not to join or become or remain a member of any labor organization or association, as a condition of such person securing employment or continuing in the employment of such individual, firm, association or corporation, shall be fined not less than fifty dollars or imprisoned for not less than thirty days."
LSA-R.S. 23:981 provides a declaration of public policy in respect to an individual's right to join and assist in a labor organization. It states:
 "It is hereby declared to be the public body of Louisiana that all persons shall have, and shall be protected in the exercise of the right, freely and without fear of penalty or reprisal, to form, join and assist labor organizations or to refrain from any such activities."
Finally, LSA-R.S. 23:984 declares:
 "Any agreement, understanding or practice, written or oral, implied or expressed, between any employer and any labor organization in violation of the provisions of this Part is hereby declared to be unlawful, null and void, and of no legal effect."
Louisiana law allows public employers the right to collectively bargain with their employees in the form of labor organizations. However, Louisiana law does not allow public employers to restrict membership or representation in these organizations. Therefore, Southeastern University must discontinue its practice of restricting those employees dealing with confidential and sensitive information, employees engaged in supervisory or managerial roles or probational employees or those hired on a temporary basis from becoming members or representatives in their employee union.
I trust that this opinion sufficiently addresses your concerns. If, I can be of further assistance please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0621l